Robertson, Ch. J.
The jury were permitted on the trial of this action to speculate on the value of the defendant’s services in making advances upon the goods placed in his hands for sale; storing and bestowing labor upon them, without any evidence on which to act; for the defendant furnished no evidence of the value of such services rendered, either to Zingsen'or the plaintiff; preferring to rest his claim solely on the special contract made between himself and the former, when the goods were originally placed in his hands, as having been carried out by him fully.
There was no conflict between Zingsen and the defendant, in their testimony, as to the terms of such original understanding between them. The latter testified that the former agreed “ to guaranty him $500 the first year, which” “he was to pay if the defendant did not make that amount at jive per cent commission.”
The former did not deny this, but on the contrary admitted that he told the defendant that if he could sell all the goods as he had sold one case, he “ could afford to give him $500.” This clearly did not make the defendant’s compensation depend upon the amount of his actual sales, for under such an arrangement, if he sold any article, however insignificant, he was to be entitled to his $500, provided he continued his exertions to sell; nor did it restrict him as to the mode of effecting the sale, or require him personally to make the sales, provided they were effected through his instrumentality. Such an understanding amounted, therefore, to an undertaking by the defendant to use his best efforts to sell such goods as Zingsen should consign to him for sale during a year, and a promise by Zingsen, if he did so, to pay him $500, and as much more as five per cent on the amount of goods actually sold by him should exceed that sum. Five per cent on the value of the goods first delivered to him would only have been $325. Such an agreement did not deprive the defendant of the lien to which he was entitled upon the goods in his hands, for the amount of such compensation, the moment he entered upon his duties as *428 Zingsen’s factor. . It is true such an agreement made with a clerk or salesman in the employ of Zingsen, while he retained possession of the goods, would create no lien; but he parted with the possession to.the defendant, as his factor, to employ all the facilities he possessed for making a sale, and subsequently procured advances from him thereon. There was no pretext on the trial that the defendant did not perform his part of the contract, nor was his testimony contradicted in regard to the unsaleability of the goods being the cause óf his inability to perform it. No reason, therefore, is presented why he should not, and did not, retain such lien for his $500 until the 21st of April, 1865.
On the last mentioned day, the defendant gave Zingsen a statement of the amount due him, in which was included an item of $500 for “rent and salary.” Zingsen did not object to this upon the ground that no goods had been sold, but immediately went to the plaintiff, who told the defendant they would give one-half of such sum if the defendant would give them “ the goods and a specified account of what he had done.” „ The defendant replied (as he testified without contradiction) that he would do so provided the amount due him was paid that day. It was not so paid, and the goods remained in his hands, to be sold under special instructions from' the plaintiff instead of Zingsen. Many were sold before the 12th of August, when, after many requests, the defendant sent the plaintiff an account of the amount due; in which an item of $500 was again charged for “ rent, salary and interest.” Up to that time the defendant had received no interest on any of his advances, amounting to $2200, beginning in February previous, although it continued to run on after, the 12th of April. From the testimony of the plaintiff it would seem, that the. defendant’s claim for one-half of the $500 had not been adjusted but was still in dispute, and the plaintiff repudiated all connection with it. He acknowledged the justice of the defendant’s claim for the other $250, by admitting that he owed a balance on the account, of $130. He *429 must have so acknowledged it, as being the sum agreed to be allowed on the 12th of April previous for “ rent and salary” alone, and, at most, for interest to that date, and not as including subsequent interest, of which nothing was said. The defendant was entitled to that interest, which was considerable, and the plaintiff did not tender the amount, or offer to pay it. The defendant’s lien for that, at all events, therefore, still remained unimpaired. There is no evidence before us to show any modification of the original contract, or any agreement by the defendant to accept $250 in full satisfaction of his claim unconditionally. The mere memorandum in pencil on the defendant’s statement of the 12th April of “ due 12th May,” which he testified was not in his handwriting, but which the plaintiff' and Zingsen testified they saw him write, amounts to nothing, without some evidence that it was the understanding of the parties; at all events, if it even established that the condition was that the amount should be paid at that date, neither of the other parties then paid it, and the defendant went on endeavor-? ing to. make sales, as he was bound to do, under his original agreement, in order to earn the stipulated compensation.
I do not see from the evidence, therefore, how the defendant lost his lien for his compensation of $500, or how his claim could only be a quantum meruit, without any evidence of what his services were worth, except the original agreement between the defendant and Zingsen. Nor do the sales at auction appear to have been a breach by the defendant of his agreement; he rendered his account to both Zingsen and the plaintiff of such sales, without objection, and the latter, by letter, on the 3d of May, 1868, even requested him to send some of the goods to the same auctioneer to sell, which he did, and their proceeds were included in his statement to the plaintiff in August.
The learned justice, however, before whom such action was tried, charged the jury, among other things, that the defendant “ was to receive $500 on a sale of all the goods, as ■■a consideration for their sale and his services in the matter *430 also ‘that after the transfer of the goods to the plaintiff there was “ no evidence that there was any thing further done” by the defendant to the goods “fór which he would be entitled to charge;” also that “nothing was earned by” the defendant “by way of commissions, except on” a small amount of goods ($78.75) sold before such transfer; also that it was “simply a question of what” the defendant’s “services and advances were worth, unless they found there was an agreement that he should receive $250 as full compensation,” which, if they did, “that ended it;” also that “ if they found $250 was full compensation, the plaintiff was entitled to recover;” that the defendant was “ not entitled to $500 by virtue of carrying out of the original agreement. He was entitled * * to what his services were worth;” also that he understood that the condition of the first agreement between Zingsen and the defendant was “ that the goods were to be sold in the ordinary way by the defendant,” and that “ under the original agreement the goods ought to have been sold without sending them to auction.” To each of which instructions separate exceptions were taken by the counsel for the defendant.
These views of my learned associate are so diametrically opposite to those which I have before expressed that I am compelled, reluctantly, to differ from him. I cannot consider that an actual sale of all the goods was necessary to entitle the defendant to his compensation; or that under the "original agreement he was bound to sell the goods himself; or that it was a mere question of what the defendant’s services and advances were worth; or that an agreement to receive $250 as full compensation, ended the controversy; or that the plaintiff, without a tender of the interest due, was entitled to recover, if $250 was a full compensation. On the other hand, I cannot hut think that there was evidence in the case that something was done by the defendant after the transfer to the plaintiff, for which the former was entitled to charge; that something was earned by him besides five per cent on $78.75, and that he was entitled to *431 $500 if he carried out the original agreement and did not agree to accept a less sum. I cannot, therefore, help coming to the conclusion that such instructions were erroneous, and that a new trial should therefore be had.
I therefore concur with my associate in thinking that the judgment should be reversed and a new trial had.